IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HORTON HOMES, INC.,                       :
                                          :
          Plaintiff,                      :
                                          :
v.                                        :
                                          :        No. 5:15-CV-473 (CAR)
JOHN M. HUFF, DIRECTOR OF THE  :
MISSOURI DEPARTMENT OF           :
INSURANCE, FINANCIAL               :
INSTITUTIONS, & PROFESSIONAL   :
REGISTRATION, ACTING IN HIS      :
CAPACITY AS THE STATUTORY        :
RECEIVER OF LUMBERMEN'S          :
UNDERWRITING ALLIANCE,            :
                                          :
          Defendant.                      :
_____ :

FIRST-CITIZENS BANK & TRUST       :
COMPANY f/k/a FIRST CITIZENS     :
BANK AND TRUST COMPANY, INC. :
Assignee and Successor in Interest to  :
The Federal Deposit Insurance          :
Corporation as Receiver for Georgian  :
Bank,                                      :
                                          :
          Plaintiff-Intervenor,           :
                                          :
v.                                        :
                                          :
JOHN M. HUFF, DIRECTOR OF THE  :
MISSOURI DEPARTMENT OF           :
INSURANCE, FINANCIAL               :
INSTITUTIONS, & PROFESSIONAL   :
REGISTRATION, ACTING IN HIS      :
CAPACITY AS THE STATUTORY        :

1

RECEIVER OF LUMBERMEN'S                 :
UNDERWRITING ALLIANCE,                  :
                                        :
      Defendant.                       :
_____     :

## ORDER ON MOTION TO INTERVENE

Plaintiff Horton Homes, Inc. originally filed this breach of contract action in the Superior Court of Putnam County against its commercial property insurer, Lumbermen's Underwriting Alliance ("Lumbermen's"), for alleged hail damage from a storm in March 2013. Lumbermen's is a reciprocal inter-insurance exchange organized under the laws of the State of Missouri, with its principal place of business in Florida. In May 2015, Lumbermen's was ordered into receivership for the purposes of rehabilitation by the Circuit Court of Cole County, Missouri. That court appointed John M. Huff, Director of the Missouri Department of Insurance, Financial Institutions & Professional Registration as the statutory Receiver of Lumbermen's. As Receiver, Huff has succeeded to all rights, duties, powers, and obligations of Lumbermen's. Defendant removed the action to this Court pursuant to the Court's diversity jurisdiction. Currently before the Court is First-Citizens Bank & Trust Company's ("FCB") Motion to Intervene. For the following reasons, the Motion [Doc. 9] is **GRANTED**.

FCB holds a judgment and perfected security interest against Plaintiff's property, including insurance proceeds. FCB's Security Agreement and UCC-1 entitle FCB to any damages, insurance proceeds, settlement funds, or other benefit owed or that might

come to Plaintiff as debtor. FCB files this Motion pursuant to Federal Rule of Civil Procedure 24(a) and 28 U.S.C. § 1962 to impress its lien on any insurance proceeds which Receiver owes or may come to owe Plaintiff. No party objects to this Motion.

## DISCUSSION

Intervention is permitted as a matter of right when the moving party demonstrates (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest.[1]  The asserted interest, furthermore, must be supported by a "direct, substantial and legally protectable interest in the proceedings."[2] The proposed intervenor bears the burden of showing that the existing parties cannot adequately represent its interest.[3] All four elements of Rule 24(a) must be met before intervention of right will be permitted.[4]

Here, FCB has met its burden to intervene as a matter of right. First, the Motion is timely. Discovery is ongoing, and no dispositive motions have been filed. Second, Plaintiff's interest in the insurance proceeds is established in FCB's Judgment, Security Agreement, and recorded Writ of Execution and UCC-1. Third, if FCB is not allowed to intervene, FCB could lose its right to the insurance proceeds that are the subject matter

---

[1] Fed. R. Civ. P. 24(a)(2).
[2] *Purcell v. Bank Atl. Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).
[3] *Fed. Savings & Loan Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).
[4] *Chiles v. Thornburgh*, 865 F.2d 1197, 1213–14 (11th Cir. 1989).

of this action.[5] Finally, permitting FCB to intervene in this case will not unduly delay or prejudice adjudication of the original parties' rights because FCB does not seek to litigate this action for either Plaintiff or Receiver. FCB seeks payment of any damages, proceeds, or settlement funds paid or awarded to Plaintiff until FCB's judgment is satisfied in full.

## CONCLUSION

Based on the foregoing, FCB's Motion to Intervene [Doc. 9] is **GRANTED**.

**SO ORDERED,** this 14th day of October, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] *See Chiles*, 865 F.2d at 1214 ("Where a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right.").

4